IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY DENISE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 2:24-cv-198-TFM-B |
| | ) |
| LUMKIN HIGHWAY CONTRACTING, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 7, 2025, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders.  *See* Doc. 8.  Plaintiff filed objections in which she tries to explain her failure to previously comply with the Court's orders.  *See* Doc. 9.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court

finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

As noted by the Magistrate Judge, Plaintiff was given instructions on October 1, 2024 to file an amended complaint to correct the shotgun pleading nature of her original complaint. She failed to respond, so the first report and recommendation was entered on November 14, 2024. *See* Doc. 5. In response to that recommendation, Plaintiff stated she missed the deadline because she was seeking employment. *See* Doc. 6. However, that is not an excuse for missing Court ordered deadlines. Regardless, the Magistrate Judge took pity on the Plaintiff and withdrew her Report and Recommendation and gave the Plaintiff an additional opportunity to file an amended complaint as required by the order. *See* Doc. 7. The new deadline was January 31, 2025. *Id*. Instead of learning from her prior mistake of missing a deadline, Plaintiff compounded the error by failing to respond yet again – not even to request an extension. As a result, the Magistrate Judge once again recommended the dismissal of this complaint for failure to prosecute and comply with Court orders under Fed. R. Civ. P. 41(b). *See* Doc. 8. Only again when faced with dismissal does Plaintiff respond to the Court with her objections. *See* Doc. 9. This time, Plaintiff states that she believes she "has gathered the proper paperwork necessary to present to the Court" and that she had computer problems. *Id*. Once again, reacting after the fact does not present a valid excuse for her failure to comply with the prior orders.

Litigants do not get to pick and choose their own deadlines. When the Court gives a deadline for an action, it must be obeyed. When a party cannot meet a deadline, the proper course of action is to request an extension in advance, not to merely ignore the order. Therefore, dismissal

is an appropriate course of action given Plaintiff's continued failure to respond as required.

That said, the Court must address an issue that the Report and Recommendation did not. As this is a complaint brought under the employment discrimination statutes as evidenced by the EEOC Right to Sue letter, a dismissal without prejudice would still result in Plaintiff's claims being time barred by the statute of limitations. Where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing her claims due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir. 1993). "Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interests of justice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice*, 6 F.3d at 1482 n. 15). "Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct." *Id*. (citing *Zocaras*, 465 F.3d at 483). Therefore, the Court must find that Plaintiff's conduct is willful or contumacious. *Justice*, 6 F.3d at 1481.

The Report and Recommendation does not explicitly address this issue and makes no reference to the effect of a without prejudice dismissal here. Therefore, the Court must do so in this opinion. *See Stephenson*, 554 F. App'x at 838 (citations omitted; "the record does not show that the district court understood the dismissal would preclude [plaintiff] from refiling due to the statute of limitations. Nor did the court explain why a lesser sanction would be inadequate to correct [plaintiff's]conduct."). Consequently, though the Court will adopt the recommendation to dismiss the case without prejudice, the Court will also withhold the entry of a final judgment under Fed. R. Civ. P. 58 which will keep this order from becoming final.

Plaintiff is given **<u>one last chance and final opportunity</u>** to comply with the original order

to amend her complaint to correct the original deficiencies. Plaintiff shall have until **June 20, 2025** to file an amended complaint that complies with the original order which the Court will reattach to remind Plaintiff of what she must do. Failure to comply will result in the entry of a final judgment in this matter with a finding that Plaintiff's conduct is willful and contumacious and that no lesser sanction will suffice because Plaintiff has been made fully aware of the consequences of the failure to obey this order.

***

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified** as the opinion of this Court. Plaintiff's complaint is dismissed without prejudice for failure to prosecute and obey the Court's orders. However, the Court withholds the entry of final judgment to give Plaintiff this final opportunity to file an amended complaint as required by the prior orders. Plaintiff must file that amended complaint by **June 20, 2025**.

The Clerk of Court is **DIRECTED** to send a copy of the October 1, 2024 order to amend (Doc. 4) along with this order. Plaintiff is cautioned to read it carefully and to file an amended complaint that complies by the deadline.

**DONE** and **ORDERED** this 21st day of May, 2025.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE